**UNITED STATES of America**

v.

**Julio Cesar GONZALEZ, Defendant.**

**No. 12–CR–0828 (VM).**

United States District Court,
S.D. New York.

Signed Sept. 24, 2015.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On January 16, 2014, a jury found defendant Julio Cesar Gonzalez ("Gonzalez") guilty of one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. Sections 846 and 841(b)(1)(B), and one count of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B), both Class B felonies. (Dkt. No. 55; Minute Entries for Jan. 16, 2014.) The Court sentenced Gonzalez to forty-eight (48) months imprisonment, followed by three (3) years supervised release. (Dkt. No. 55; Minute Entries for June 27, 2014.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines range for certain categories of drug-related offenses

("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November· 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant may be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

On June 22, 2015, Gonzalez filed a motion ("Motion") for a sentence reduction pursuant to Amendments 782 and 788. (Dkt. No. 60.) On June 1, 2015, the Probation Department made a submission to the Court, indicating its assessment that Gonzalez is ineligible for a sentence reduction under Amendments 782 and 788, because Gonzalez received the two-level reduction at the time of sentencing. There have been no further submissions or filings relating to this matter.

The Court now considers the Motion on its merits.

### STANDARD

■ Under Section 3582(c)(2) of Title 18 ("Section 3582(c)(2)"), United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureau of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

■ Here, when considering a sentence reduction under the two-step inquiry laid out in *Dillon v. United States,* the Court must first decide whether a defendant is eligible for a sentence modification and then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

■ With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines range. U.S.S.G. § 1B1.10(b)(2)(a). In the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "re-impos[e] departures or variances imposed at the defendant's original sentencing hearing." *U.S. v. Erskine,* 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of

imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

If the defendant is eligible for a sentencing reduction, the Court proceeds to the second step of the *Dillon* analysis. At that point, the Court must decide—in light of the Section 3553(a) factors—whether to grant a reduction. *See Dillon*, 560 U.S. at 827, 130 S.Ct. 2683. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

## APPLICATION

The Court finds that Gonzalez is not eligible for a sentence reduction under Amendments 782 and 788. Gonzalez's base offense level at the time of sentencing was grounded on Section 2D1.1 of the Sentencing Guidelines, the section modified by Amendment 782. Gonzalez was not sentenced as a "career offender" under Section 4B1.1 of the Sentencing Guidelines, nor was he subject to a mandatory minimum sentence in excess of the applicable Sentencing Guidelines range.

However, Gonzalez's base offense level of 24 already took into account the two-level reduction for drug offenses codified in Amendment 782. Department of Justice policy at the time of Gonzalez's sentencing authorized a two-level reduction from the offense levels specified in Section 2D1.1(c), in anticipation of Amendment 782 and its retroactive character. *See* Dkt. No. 58, Tr. of Sentencing at 4:7–9 ("[P]ursuant to the Department of Justice guidelines, the defendant should be sentenced as if the base offense level were two points lower.").

The Court calculated Gonzalez's base offense level as though Amendment 782 were in effect at the time of sentencing.

The Sentencing Guidelines range for his offense level and criminal history category, taking the two-point base offense level reduction into consideration, was 51 to 63 months. Gonzalez received a sentence of 48 months of incarceration, which was below the Sentencing Guidelines range in effect both at the time of sentencing and under Amendment 782. The Court may not re-impose departures or variances imposed at the original sentencing hearing, nor may it impose a sentence lower than the minimum under the amended guideline range. *See Erskine*, 717 F.3d at 137; U.S.S.G. § 1B1.10(b). Having determined that the two-level reduction and concordant Sentencing Guidelines range were already applied at sentencing, the Court is not authorized to make any additional reduction to Gonzalez's sentence pursuant to Amendments 782 and 788.

The Court therefore concludes that Gonzalez is not eligible for a sentence reduction pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. Having determined that Gonzalez is not eligible for a sentence reduction, the Court need not proceed to the second step of the *Dillon* analysis. *See* 560 U.S. at 827, 130 S.Ct. 2683.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Julio Cesar Gonzalez (Dkt. No. 60) for a sentence reduction pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines is **DENIED** with prejudice.

**SO ORDERED.**